W. W. VANNOY and others *v.* WM. HAYMORE, Sheriff.

A Sheriff is not compelled to lay off a homestead or a personal property exemption before his fees for such service are tendered or paid.

CIVIL ACTION in the nature of a *scire facias*, heard before *Mitchell, J.,* at the Spring Term, 1874, of the Superior Court of IREDELL county.

Defendant moved to dismiss the plaintiff's action for want of an undertaking for costs. Motion overruled. He again moved to dismiss for want of a summons and complaint in the name of the State. His Honor overruled this motion also ; whereupon defendant filed a defence, setting forth, among other things :

(4th.) That the return on the execution, which is alleged to be not a due return is as follows, to wit : " Come to hand, . . . . day of . . . . . . . ., 187 , homestead and personal property exemption not demanded by the defendants," (in the execution.) My fees for laying off homestead and personal property exemption not paid or tendered to me by plaintiff or claimants, not executed." Which return is a due and proper return in law— no fees being tendered or paid by plaintiff or by any of the parties.

His Honor gave judgment against the defendant for $100, from which judgment he appealed.

*Scott* and *Caldwell,* for appellants.
*Folk & Armfield,* contra.

READE, J. " No officer shall be compelled to perform any service unless his fees be paid or tendered." C. C. P., sec. 555.

In the case before us, the sheriff returns " my fees for laying off homestead and personal property exemptions not paid or tendered to me by plaintiffs or claimants—not executed."

And the *case* states that "no fees were tendered or paid by the plaintiff or any of them." This statement covers not only fees for laying off homestead and personal property exemption, but for executing the process as well. And it is clear that the sheriff ought not to have been amerced.

The point was made that while the homestead must be laid off *before* the levy, the personal property exemption is to be laid off *after* the levy. So that if the sheriff was not obliged to lay off the homestead without a tender of his fees, yet he was obliged to levy on the personal property. If any such distinction exists, it does not avail the plaintiffs, because the sheriff was not only not obliged to lay off the homestead and personal property exemption without a tender of his fees for that; but he was not obliged to *levy* without a tender of his fee for *that*.

There is error.

PER CURIAM.    Judgment reversed and judgment here for defendant.